**PARKER AND CARMODY, LLP**
ATTORNEYS AT LAW
30 EAST 33RD STREET
6TH FLOOR
NEW YORK, N.Y. 10016

DANIEL S. PARKER                                                                          TELEPHONE: (212) 239-9777
MICHAEL CARMODY                                                                    FACSIMILE:  (212) 239-9175
CHRISTINA S. COOPER                                                                   DanielParker@aol.com

October 20, 2021

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007



Re: <u>United States v. Cuartas Villegas et al.</u>
21 Cr 99 (KPF)

Dear Judge Failla:

     I write on behalf of co-counsel Richard Palma and Zawadi Baharanyi, with respect to the Court's order (Dkt. No. 40), granting counsels' request that three defendants be produced to 500 Pearl Street for a co-defendant meeting on October 28, 2021.

     We appreciate the Court's willingness to accommodate this request and I write reluctantly requesting further assistance.

     Specifically, I write requesting that the Court amend its order and direct that the co-defendant meeting either be held in the 4th floor holding pens at 500 Pearl Street, or direct that, if it is held in the courtroom, that the Marshals secure the defendants and remain outside of the room in order to ensure attorney/client privilege.[1]

     On a prior occasion, after the Court had authorized a co-defendant meeting, the Marshals advised counsel that if the meeting took place in the courtroom, that the Marshals would have to remain present.  With the consent of the Marshals, the three defendants were brought to the 4th floor holding pens where the co-defendant meeting took place.

     In order to preserve the confidentiality of attorney/client communications, we respectfully request that the Court amend its Order and permit the meeting to take place in the holding pens/counsel area on the 4th floor – if possible – or in the alternative, direct that the Marshals take appropriate steps to secure the defendants in the courtroom and then remain outside of the room while the co-defendant meeting takes place, or direct the Marshals to bring

---

[1] Or in the alternative, that the Marshals bring the defendants to any secure location to be determined at the Marshals' discretion where the meeting can be held without the Marshals having to remain in the room.

1

the defendants to any secure location to be determined at the Marshals' discretion such that the meeting can take place without the Marshals having to remain present in the room.

If the foregoing meets with the Court's approval, then I respectfully request that Your Honor "So Order" this letter.

Thank you for your attention to this matter.

Respectfully,

*/s/ Daniel S. Parker*

Daniel S. Parker

Cc: all parties (By ECF)

---

The Court shares defense counsel's concerns regarding the privilege issues implicated by the presence of third parties at their requested co-defendant meeting.  In light of these concerns, the Court has conferred with the U.S. Marshals Service, who in turn communicated with the Warden of Essex County Correctional Facility.  It is the Court's understanding that the Warden has approved defense counsel's request to convene a co-defendant meeting on October 28, 2021.  Defense counsel is thus directed to contact the facility to confirm the logistics of this meeting.

Accordingly, the Court RESCINDS its previous order directing the U.S. Marshals to produce three of the defendants in this case at the Thurgood Marshal Courthouse on October 28, 2021.  (Dkt. #40).

The Clerk of Court is directed to terminate the pending motion at docket entry 41.

Date:     October 22, 2021          SO ORDERED.
          New York, New York

*/s/ Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE